UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent,<br><br>　　v.<br><br>ROBERT LAMON POLK,<br><br>　　　　　　　　　　Movant. | Case No. 2:16-cr-00055-KJD-NJK<br>2:19-cv-1569-KJD<br>ORDER |

Presently before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#46). The Government responded in opposition (#66).

I.　　Factual and Procedural Background

Movant Robert Lamon Polk ("Polk" or "Defendant") plead guilty to two counts of unlawful possession of a firearm by a previously convicted felon. In May 2017, this Court sentenced Polk to 77 months' imprisonment followed by three years supervised release. Polk has a long history of committing crimes and has been convicted of other felonies throughout his life. In 2007, Polk was convicted of burglary while in possession of a firearm and conspiracy to commit robbery, and sentenced to 48 to 120 months, and 19 to 48 months, respectively, in Nevada state prison. Also in 2007, he was sentenced to 24 to 72 months in Nevada state prison for unlawful possession of a firearm. He now files a motion to vacate his sentence under 28 U.S.C. § 2255, asserting that his indictment and subsequent conviction are invalid under Rehaif v. United States, 139 S. Ct. 2191 (2019).

II.　　Analysis

**A.  Section 2255**

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the

sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "[w]hoever knowingly violates" § 922(g). Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to the defendant's possession of a firearm or ammunition, not to the fact that he fell within the relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in Rehaif, holding that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. This decision applies to all § 922(g) categories, including felons under § 922(g)(1).

Polk argues that the government failed to satisfy the scienter element that Polk knew he was forbidden from possessing a firearm as a felon. (#46, at 19). He argues that he is "innocent of the § 922(g) crimes on the basis that he had no knowledge that as a felon, he was barred from possessing firearms under federal criminal statutes." Id. at 23. However, in Rehaif, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

Rehaif, 139 S. Ct., at 2194. Rehaif does not stand for the proposition that the government must prove the defendant knew his possession of the firearm was unlawful. Rehaif requires proof of the defendant's felonious status, and not his knowledge of unlawful possession. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that (1) the

defendant knew he possessed a firearm and that (2) he knew he belonged to the relevant category of persons barred from possessing a firearm. See id. at 2200. To hold otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

A felon is one who has been convicted of a crime punishable by more than one year of imprisonment. Polk has previously been convicted of burglary, conspiracy to commit robbery, and unlawful possession of a firearm. He has at least three separate convictions, each of which resulted in a sentence greater than a year. Therefore, there is no reasonable possibility that Polk was unaware of his felonious status or that his possession of the firearms was unlawful.

**B. Certificate of Appealability**

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Movant has not met his burden in demonstrating that there was any reasonable probability that he did not know that he was a felon and, therefore, prohibited from possessing a firearm.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#46) is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:19-cv-1569-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

Dated this 1st day of March, 2023.

_____
Kent J. Dawson
United States District Judge